# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR13-4074-MWB |
| vs. | **ORDER** |
| JOSE MONTOYA-ECHEVERRIA, | |
| Defendant. | |

## *INTRODUCTION*

Defendant has filed a motion (Doc. No. 32) to strike certain portions of the indictment in this case as "surplusage." Plaintiff (the Government) has filed a response (Doc. No. 33). I conducted a hearing on December 30, 2013. Assistant United States Attorney Kevin Fletcher appeared for the Government. Defendant appeared in person and with his attorney, Rees Conrad Douglas. During the hearing, I granted the motion orally before reconvening and completing defendant's change-of-plea hearing. While I explained my reasons for granting the motion on the record, I write separately to provide additional analysis and to memorialize the changes to the indictment.

## *RELEVANT BACKGROUND*

Defendant is charged by indictment. The caption of the indictment states that he is charged with the offense of "Aggravated Felon Found After Illegal Reentry." The caption references "8 U.S.C. § 1326(a) and (b)(2)." Doc. No. 2. The body of the indictment states:

### Count 1

### Aggravated Felon Found After Illegal Reentry

>On or about July 17, 2013, in the Northern District of Iowa, defendant, JOSE MONTOYA-ECHEVERRIA, an alien citizen of El Salvador, was found knowingly and unlawfully in the United States after having been previously removed from the United States to El Salvador on or about December 5, 2008. Defendant did not obtain the express consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4) and Section 557), to reapply for admission into the United States prior to re-entering the United States after December 5, 2008, on an unknown date at an unknown location.
>
>Defendant's removal was subsequent to a conviction for an aggravated felony offense, to wit:
>
>>On or about July 29, 2008, JOSE MONTOYA-ECHEVERRIA was convicted of identity theft, in the Iowa District Court for Woodbury County.
>
>This was in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

*Id.* At 1-2.

Defendant plead not guilty to the charged offense. Later, through counsel, he advised the court of his intent to change his plea to guilty with no plea agreement. On December 4, 2013, I entered an order (Doc. No. 24) scheduling defendant's change-of-plea hearing for December 20, 2013.

On December 17, 2013, the Government filed the Rule 11 letter required by LCrR 11(b). *See* Doc. No. 28 (sealed). After listing the elements of the charged offense, the Rule 11 letter states that the Government must establish, "as a sentencing factor," that defendant was previously convicted of at least one aggravated felony. *Id.* The letter then references the identity theft conviction described in the indictment. *Id.*

During his change-of-plea hearing, defendant admitted the elements of the offense described in 8 U.S.C. § 1326(a). That is, he admitted that he is not a United States citizen, that he was previously removed from the United States on or about December 5, 2008, that he later re-entered the United States unlawfully and that he was found in this District on or about July 17, 2013. However, when I began to inquire about his prior conviction, defendant's counsel announced that defendant did not intend to admit that the conviction was an "aggravated felony" within the meaning of 8 U.S.C. § 1326(b)(2). Counsel stated that this issue is a sentencing factor, not an element of the offense, and indicated that his client seeks to preserve the issue for argument at the time of sentencing.

Counsel for the Government responded by noting that the indictment charges defendant with being an aggravated felon found after illegal reentry. Counsel stated that in order to plead guilty to the charge in the indictment, defendant necessarily would have to admit that his prior conviction was an aggravated felony. After some additional discussion with counsel, I adjourned the change-of-plea hearing to allow counsel to discuss the issue further, and to allow defendant to confer with his counsel about his options. I scheduled the resumption of the hearing for December 30, 2013.

Defendant then filed his motion to strike on December 23, 2013, and the Government filed its response the following day. In its response, the Government appeared to agree with defendant's contention that the indictment's "aggravated felony" allegations relate solely to sentencing and do not go to the elements of the charged offense. Mr. Fletcher confirmed this during the hearing.

## DISCUSSION

Federal Rule of Criminal Procedure 7(d) permits the court, on defendant's motion, to strike "surplusage" from an indictment. Here, defendant seeks to strike all references to an alleged, prior conviction on grounds that facts relating to the conviction are neither

3

elements of the charged offense nor jurisdictional facts. This is an important issue because of defendant's desire to plead guilty without admitting that he was previously convicted of an aggravated felony. Is the indictment's "aggravated felony" allegation an element of the charged offense, which defendant must admit in order to enter a valid plea of guilty, or a mere sentencing factor that defendant need not admit? As I will discuss below, the answer is quite clear. Defendant need not admit his prior conviction was an aggravated felony in order to enter a plea of guilty to the charged offense. In other words, the indictment's "aggravated felony" allegation is surplusage and should be stricken so defendant may enter a plea of guilty without admitting that allegation.

Federal law distinguishes the elements of a criminal offense from facts that relate solely to sentencing. Thus, for example: "An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (internal citation omitted). In *Almendarez-Torres*, the Supreme Court addressed 8 U.S.C. § 1326 and held that the essential elements of the offense of illegal reentry are described in Subsection (a). *Id.* at 226-27, 235. The Court further held that Subsection (b)(2), which increases the maximum sentence from two years to twenty years if the defendant has a prior conviction for an aggravated felony, does not define a separate offense. *Id.* Instead, it describes a sentencing enhancement factor that need not be alleged in the indictment. *Id.* at 226-27.

Consistent with *Almendarez-Torres*, the Eighth Circuit Court of Appeals has held that when a prior conviction may be used to enhance a sentence, the fact of that prior conviction need not be alleged in the indictment. *See, e.g., United States v. Sohn*, 567 F.3d 392, 394 (8th Cir. 2009) (enhancement under the Armed Criminal Career Act need not be alleged in the indictment); *United States v. Campbell*, 270 F.3d 702, 707-09 (8th Cir. 2001) (same). Moreover, the Eighth Circuit has held that when a defendant is

4

charged with illegal reentry pursuant to 8 U.S.C. § 1326(a) and the Government seeks a sentencing enhancement pursuant to Subsection (b)(2), the issue of whether the defendant was previously convicted of an aggravated felony need not be submitted to the jury. *United States v. Kempis-Bonola*, 287 F.3d 699, 701-02 (8th Cir. 2002).

All of these cases make it very clear that the elements of the offense described in Section 1326 are those set forth in Subsection (a). Subsection (b)(2) describes circumstances that are relevant to sentencing, not to guilt or innocence. Those circumstances need not be alleged in the indictment and need not be submitted to the jury at trial. Thus, while there was nothing improper about alleging those factors in the indictment, it was not necessary to do so. The indictment could have alleged only the elements described in Section 1326(a) without prejudice to the Government's right to seek the Section 1326(b)(2) enhancement at the time of sentencing.

The Eighth Circuit has stated that "[a] valid guilty plea 'admits all of the elements of a criminal charge … [and] admits factual allegations in the indictment that form the basis for federal jurisdiction.'" *United States v. Williams*, 557 F.3d 556, 560 (8th Cir. 2009) (quoting *Mack v. United States*, 853 F.2d 585, 586 (8th Cir.1988)). Here, defendant has the right to enter a plea of guilty to the actual, charged offense (Section 1326(a)) without also admitting the facts relevant only to the sentencing enhancement (Section 1326(b)(2)). To ensure that the defendant's plea of guilty to the changed offense does not operate as an admission of facts pertaining to the sentencing enhancement, the indictment (Doc. No. 2) must be amended as follows:

    a.    The caption of indictment must be amended to strike the reference to Subsection (b)(2) and the words "Aggravated Felon."

    b.    The title of Count 1 of the indictment must be amended to strike the words "Aggravated Felon."

c. The second paragraph of the body of the indictment, which describes defendant's alleged, prior conviction and characterizes it as an aggravated felony, must be stricken.

d. The last sentence of the indictment is hereby amended to strike the reference to Subsection (b)(2).

## *CONCLUSION*

Pursuant to Federal Rule of Criminal Procedure 7(d), and for the reasons set forth herein, the defendant's motion to strike (Doc. No. 32) is **granted**. The caption of the indictment shall be deemed to state that defendant is charged with the offense of "Found "After Illegal Reentry" in violation of 8 U.S.C. § 1326(a). The body of the indictment shall be deemed to charge as follows:

### Count 1

### Found After Illegal Reentry

On or about July 17, 2013, in the Northern District of Iowa, defendant, JOSE MONTOYA-ECHEVERRIA, an alien citizen of El Salvador, was found knowingly and unlawfully in the United States after having been previously removed from the United States to El Salvador on or about December 5, 2008. Defendant did not obtain the express consent of the Attorney General of the United States or his successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Section 202(3) and (4) and Section 557), to reapply for admission into the United States prior to re-entering the United States after December 5,2008, on an unknown date at an unknown location.

This was in violation of Title 8, United States Code, Section 1326(a).

Defendant's plea of guilty in this case shall be deemed to be a plea of guilty to this charge. Defendant shall not be deemed to have admitted the facts necessary for application of the sentencing enhancement described in 8 U.S.C. § 1326(b)(2).

**IT IS SO ORDERED.**

**DATED** this 30th day of December, 2013.

                                                  _____
                                                  LEONARD T. STRAND
                                                  UNITED STATES MAGISTRATE JUDGE